Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALEXANDER ORTIZ-FLORES, a minor, by Terri Ortiz, his guardian; TERRI ORTIZ as individual consumers, and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>MCNEIL-PPC, INC., a New Jersey corporation,<br><br>            Defendant. | CASE NO. 07 CV 0678 BEN (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER;**<br><br>[Doc. No. 5]<br><br>**PROTECTIVE ORDER** |

Before the Court is a Joint Motion for Entry of a Stipulated Protective Order [Doc. No. 5], filed by the parties in the above-captioned matter.  Good cause appearing, the parties' Joint Motion is **GRANTED** and a Protective Order is entered in this case as follows:

1.     Certain information, documents, and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action may include confidential information of the party from which discovery is sought.  Information, documents, and other things, which are otherwise not objectionable, shall only be produced, whether voluntarily or in response to formal discovery, subject to this Protective Order (the "Order").

2. Any of the parties producing Discovery Material in this litigation may designate Discovery Material produced by it/him/her as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order. These designations shall be limited to information which the disclosing party in good faith believes contains or reveals confidential, proprietary or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" includes all non-public materials, including but not limited to materials constituting or containing information reflecting or related to: financial or business plans, strategies or projections; sales and revenue statistics, strategies or expressions of interest; proposed strategic transactions or other business combinations, partnerships or joint ventures; trade secrets; proprietary technical information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; customer lists and information, competitive analyses; costs of goods and services; pricing of goods and services, financial results or data; or personal financial information. A party may designate Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that it believes contains or refers to trade secrets or other confidential research development, business or financial information or other confidential commercial information, that, if disclosed, could cause significant competitive or other injury.

3. Discovery Material that is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other litigation.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the following persons: (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel assisting in the conduct of the litigation, provided that such disclosure may solely be for use in accordance with this Order; (b) clients; (c) potential or actual witnesses or deponents and their counsel, during the course of, or, to the extent necessary in preparation for, depositions, testimony or trial in this litigation; (d) the Court; (e) court reporters employed by the Court or in connection with the litigation; (g) authors or recipients of documents or persons referred to in any document; and (h) any other person only upon order of the court or upon stipulation of the producing party.

5. Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the following persons: (a) in-house counsel for the parties and outside attorneys who represent parties in this litigation and whose law firm has entered an appearance in this litigation; (b) experts or consultants and their employees and/or staff members engaged to assist counsel for a party in the litigation; (c) witnesses deposed who are within the control of the producing party or are represented by counsel for the producing party; (d) the Court; (e) court reporters employed by the Court or in connection with the litigation; (f) authors or recipients or documents or persons referred to in any document; and (g) any other person only upon order of the Court or upon stipulation of the producing party.

6. The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be so designated by affixing the legend, as

-3- 07 CV 0678 BEN (NLS)

appropriate, of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material.  Affixing the appropriate legends on the cover of any multipage document which is bound, stapled or otherwise securely attached shall designate all pages of the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," unless otherwise indicated by the producing party.

7. If the producing party inadvertently produces Discovery Material that it considers to be "Confidential" or "Highly Confidential – Attorneys' Eyes Only"  without such designation, the producing party may subsequently designate such Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by delivering written notice of such designation to the other parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order.  The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

8. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court report that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only Discovery Material."  All

deposition transcripts and other pretrial testimony shall be treated as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof.  Thereafter, only those portions of the transcripts designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the litigation shall be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

9. "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material may be provided to persons listed in paragraphs 4 and 5 above, provided that such individuals are using said "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material solely in connection with this litigation and *provided further* that such individuals sign a nondisclosure agreement in the form of the Assurance of Compliance at Exhibit A.

10. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this order, or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be filed under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "Highly Confidential – Subject to Protective Order dated [INSERT DATE OF ORDER]" or "Confidential – Subject to Protective Order dated [INSERT DATE OF ORDER]" clearly marked thereon.

11. If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.

12. In the event that any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is used in any court proceeding in this action, it shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any such court proceedings.

13. The parties to the litigation agree that the production of any Discovery Material by any non-party to the litigation shall be subject to and governed by the terms of this Order, and a party may designate as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

14. In the event that additional parties join or are joined in the litigation, they shall not have access to "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

15. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

16. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall not permit inspection by or production to any third party on the grounds of the existence of this Order unless otherwise ordered by a court. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

17. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their clients, counsel shall not disclose the contents of "Highly Confidential - Attorneys' Eyes Only" Discovery Material except in accordance with the terms of this Order.

18. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person.  Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed.  Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order.  Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material

marked as an exhibit during a deposition, used at a hearing or at trial, or filed with Court, and this Order shall remain in force with respect to such material.

20. This Agreement shall be binding upon and for the benefit of the undersigned parties, their successors and assigns.

21. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

22. The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED**.

DATE: June 13, 2007

*/s/ Nita L. Stormes*
HON. NITA L. STORMES
U.S. Magistrate Judge

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at in the City/County of _____, and State of _____.

I have read the annexed Protective Order ("Order") dated June ___, 2007 in the action entitled Adrian Alexander Ortiz-Flores and Tern Ortiz v. McNeil-FPC, Inc., Case Number 07 CV 0678 BEN (NLS), which is currently pending in the United States District Court of the Southern District of California;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order; and I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this litigation, any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

I consent to the jurisdiction of the United States District Court of the Southern District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

_____
(Signature)