1 | Wayne S. Kreger
wkreger@maklawyers.com
2 | Bevin Allen
ballen@maklawyers.com
3 | **MILSTEIN, ADELMAN, & KREGER, LLP**
2800 Donald Douglas Loop N
4 | Santa Monica, CA 90405
(310) 396-9600
5 | (310) 396-9635 (Fax)

6 | Harold M. Hewell
hmhewell@hewell-lawfirm.com
7 | **HEWELL LAW FIRM, APC**
402 W. Broadway, 4th Floor
8 | San Diego, CA 92101
(619) 235-6854
9 | (619) 235-9122

10 | Howard M. Rubenstein
howardr@pdq.net)
11 | 914 Waters Avenue, Suite 20
Aspen, Colorado 81611
12 | (832) 715-2788 (cell)

13 | *Attorneys for Adrian Alexander Ortiz-Flores, and Terri Ortiz*

14 |

15 | Sidney K. Kanazawa (SBN 84608)
skanazawa@mcguirewoods.com
Jia-Ming Shang (SBN 233326)
16 | jshang@mcguirewoods.com
**McGUIREWOODS LLP**
17 | 1800 Century Park East, 8th Floor
Los Angeles, California 90067
18 | Telephone: (310) 315-8200
Facsimile: (310) 315-8210

19 |
David J. Noonan (SBN 55966)
20 | djn@knlh.com
Jill E. Randall (SBN 229680)
21 | jrandall@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
22 | 600 West Broadway, Suite 1100
San Diego, California 92101-3387
23 | Telephone (619) 231-8666
Facsimile (619) 231-9593

24 |
*Attorneys for Defendant McNeil-PPC, Inc.*

25 |

26 |

27 |

28 |

4906478.2

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALEXANDER ORTIZ-FLORES, a minor, by Terri Ortiz, his guardian; TERRI ORTIZ as individual consumers, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>MCNEIL-PPC, INC., a New Jersey corporation,<br><br>        Defendant. | CASE NO. 07 CV 0678 BEN (CAB)<br><br>**PLAINTIFFS' AND DEFENDANT'S JOINT FED. R. CIV. PRO. 26(f) REPORT** |

1 **TO THE COURTS, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      This Joint FRCP Rule 26(f) report is submitted for the *Ortiz-Flores v.*

3 *McNeil-PPC, Inc.,* Case No. 07 CV 0678 BEN (CAB), (S.D. Cal.) ("*Ortiz-Flores*")

4 and *Pointer v. McNeil-PPC, Inc.,* Case No. CV-07-PT-1615-M, (N.D. Ala.)

5 ("*Pointer*") cases.

6      Plaintiffs in the *Ortiz-Flores* case are referred to herein as "Ortiz-Flores

7 Plaintiffs."

8      Plaintiffs in the *Pointer* case are referred to herein as "Pointer Plaintiffs."

9      The Oritz-Flores Plaintiffs and Pointer Plaintiffs are collectively referred to

10 herein as "Plaintiffs."

11      Defendant McNeil-PCC, Inc. is a defendant in both cases and is referred to

12 herein as "Defendant."

13      Plaintiffs and Defendant are referred to collectively herein as the "Parties."

14 1.     **FRCP 26(f) Meeting**. On December 4, 2007 and December 13, 2007, the

15 Parties conferred telephonically in accordance with FRCP 26(f). Unless otherwise

16 indicated, the following attorneys attended both calls:

17      • Howard Rubinstein (for Ortiz-Flores Plaintiffs);

18      • Harold Hewell (for Ortiz-Flores Plaintiffs);

19      • Bevin Allen (for Ortiz-Flores Plaintiffs);

20      • Dennis G. Pantazis (for Pointer Plaintiffs on 12/4/07 call only);

21      • Craig L. Lowell (for Pointer Plaintiffs on 12/13/07 call only);

22      • David Noonan (for Defendant in Ortiz-Flores case);

23      • Sidney K. Kanazawa (for Defendant in Ortiz-Flores case);

24      • Jia-Ming Shang (for Defendant in Ortiz-Flores case);

25      • Lee M. Pope (for Defendant in Pointer case);

26      • James C. Barton, Jr. (for Defendant in Pointer case);

27      • Alan D. Mathis (for Defendant in Pointer case);

28      • Jerome A. Swindell (in-house counsel for Defendant on 12/13/07 call

1      only).

2 2.    **Procedural Facts.** This case arises out of an April 11, 2007 voluntary recall

3 by Defendant of a plaque identifying liquid dental product called Agent Cool Blue

4 (a press release regarding the recall is attached hereto as Exhibit 1). The Ortiz-

5 Flores Plaintiffs filed their class action case against Defendant in the United States

6 District Court for the Southern District of California on April 13, 2007. The

7 Pointer Plaintiffs filed their class action against Defendant in the United States

8 District Court for the Northern District of Alabama on September 6, 2007.

9 3.    **Claimed Class Action Status.** Both the Ortiz-Flores Plaintiffs and Pointer

10 Plaintiffs are seeking class action status in their respective cases.

11      Plaintiffs claim the following class should be certified by the court:

12        1) All consumers within the United States who purchased the Agent Cool

13           Blue product.

14        2) All consumers within the United States who purchased the Agent Cool

15           Blue product who have and/or continue to suffer from personal injuries

16           due to the use of the Product, including those that will require medical

17           monitoring of their injuries.

18 4.    **Claimed Basis of Liability.** Plaintiffs claim Defendant is liable to the class

19 on the following theory:

20      Defendant's design, testing, manufacture and development of the Agent Cool

21      Blue Product was negligent and/or defective, and that Defendant did not take

22      adequate precautions to ensure the safety of the Product. Defendant has been

23      unjustly enriched by the sale of the defective product.

24 5.    **Defense Position.** Defendant does not agree a class should be certified in

25 either case and does not agree there is a causal connection between the contents of

26 the product and the injuries presented by Plaintiffs.

27 6.    **Pre-Discovery Disclosures.** The Parties will exchange Initial Disclosures

28 pursuant to FRCP 26(a)(1) by December 19, 2007.

1  7.  **Class Certification Motion Date and Court.** The Parties have discussed

2  and tend to agree that a single Class Certification Motion should be heard *on or*

3  *before April 28, 2008.* The Parties have not agreed, however, on which court

4  should hear the class certification motion (Alabama or California) or on how the

5  Alabama and California cases should be coordinated for class certification

6  purposes. Plaintiffs have indicated that they need to see Defendant's initial

7  disclosure in order make this determination. Accordingly, the Parties have agreed

8  to a continued joint telephone conference prior to the next status conference in the

9  Ortiz-Flores matter at *9:00 am Pacific Time on Monday, January 7, 2008* to

10 discuss this issue further after the initial Rule 26(a)(1) disclosures.

11 8.  **Trial Date.** The Parties have discussed but do not agree on the appropriate

12 date or procedure for trial. Plaintiffs believe trial should commence *on or before*

13 *September 1, 2008.* Defendant believes that date is too optimistic for a class action

14 and believes a more realistic date for trial would be in *March 2009.* The Parties

15 have also not agreed on the appropriate court for trial nor the appropriate procedure

16 for coordinating the Alabama and California case for trial. Plaintiffs have indicated

17 that they need to see Defendant's initial disclosure in order make these

18 determinations. Accordingly, the Parties have agreed to a continued joint telephone

19 conference at *9:00 am Pacific Time on Monday, January 7, 2008* to discuss this

20 issue further after the initial Rule 26(a)(1) disclosures.

21 9.  **Discovery Plan**. To avoid overlap and duplication of discovery, the Parties

22 agreed to coordinate discovery in both cases.

23     a.  **Discovery Limitations.** Due to the relatively few named parties

24 involved, the Parties believe that the discovery procedures and limitations provided

25 in the Federal Rules of Civil Procedure will be sufficient.

26     b.  **Protective Order.** Due to the potential for trade secrets and other

27 proprietary information to be produced in discovery, the Parties have agreed to and

28 obtained a protective order from the *Pointer* and *Ortiz-Flores* courts.

c.    **Discovery Cut-Off Date.** Due to a lack of agreement on an appropriate date and the procedure to be followed for trial, the Parties did not agree to a cut-off date for discovery.

d.    **Maximum Discovery.** Within the coordinated discovery, unless otherwise agreed or ordered by the court, there shall be:

- A maximum of 25 interrogatories by Plaintiffs to Defendant and by Defendant to Plaintiffs with responses due 30 days after service;
- A maximum of 25 requests for admissions by Plaintiffs to Defendant and by Defendant to Plaintiffs with responses due 30 days after service;
- A maximum of 10 depositions by Plaintiffs and 10 depositions by Defendant with each deposition limited to maximum of 7 hours unless extended by agreement of parties.

e.    **Expert Reports.** Due to a lack of agreement on the appropriate date for trial, the date for an exchange of reports from retained experts under Rule 26(a)(2) has not yet agreed upon by the Parties.

f.    **Supplementing Discovery.** Supplementation of discovery under Rule 26(e) shall be due within 30 days of knowledge of the need to supplement but not later than 30 days before the completion of discovery.

g.    **Subjects of Discovery.** The Parties agreed that discovery should be taken on the identity of Defendant's employees involved in the testing of the out-of-spec Agent Cool Blue products, the identity of Defendant's employees who made the decision to initiate a recall, Defendant's investigations into the out-of-spec Agent Cool Blue products, and Defendant's distribution of the Agent Cool Blue product. Defendant contends discovery should be taken regarding the causal connection between any physical injuries and the Agent Cool Blue product and regarding class certification issues. Plaintiffs contend discovery should be taken regarding the FDA's recall and investigation, Defendant's production and testing

1 processes, including the objects used in the production of this product and other

2 similar products manufactured by Defendant and information regarding the design

3 and manufacture of the initial preservative system utilized in the Agent Cool Blue

4 Product.

5      h.    **Electronic Discovery**. The Parties are investigating the parameters

6 for any electronic discovery in this case.

7 10. **Other Items**.

8      a.    **Scheduling Conference**. The Parties request a conference with the

9 court before entry of the scheduling order.

10      b.    **Pretrial Conference**. The Parties did not reach an agreement on this

11 date because of the Parties' disagreement on the appropriate date for trial.

12      c.    **Plaintiffs' Joinder/Amendment to Pleadings**. The Parties did not

13 reach an agreement on this date because of the Parties' disagreement on the

14 appropriate date for trial.

15      d.    **Defendant's Joinder/Amendment to Pleadings**. The Parties did not

16 reach an agreement on this date because of the Parties' disagreement on the

17 appropriate date for trial.

18      e.    **Dispositive Motions**. All potentially dispositive motions should be

19 heard no later than 60 days before trial.

20      f.    **Final Witness and Exhibit Lists**. Due to the Parties' disagreement

21 on the appropriate date and court for trial of this coordinated matter, no agreement

22 was reached on these open issues. A further discussion will take place on this issue

23 when we reconvene the Parties' conference call on *Monday, January 7, 2008 at*

24 *9:00 am Pacific Time*.

25      g.    **Objections to Final Witness and Exhibit Lists**. Due to the Parties'

26 disagreement on the appropriate date and court for trial of this coordinated matter,

27 no agreement was reached on these open issues. A further discussion will take

28 place on this issue when we reconvene the Parties' conference call on *Monday,*

*January 7, 2008 at 9:00 am Pacific Time.*

      h.    **Expert Discovery**. The Parties did not discuss expert discovery and have agreed to postpone such discussion until our next joint call on *Monday,*

*January 7, 2008 at 9:00 am Pacific Time.*

      i.    **ADR**. Plaintiffs have proposed involving former Judge Lourdes G. Baird as a potential mediator in this case. Defendant is not inclined to agree because of the causation gap in this case. The tests and medical records examined to date do not reveal a causal connection between contamination at the factory or the preservatives used in this product and any test or illness disclosed by Plaintiffs.

Dated: December 19, 2007

By: Howard Rubinstein / JMS — per email authority in 12/19/07 email
        Howard Rubinstein
        Attorneys for Plaintiff Ortiz-Flores.

Dated: December 19, 2007    HEWELL LAW FIRM, PC

By: Harold Hewell / JMS — per email authority in 12/19/07 email
        Harold Hewell
        Attorneys for Plaintiff Ortiz-Flores.

Dated: December 19, 2007    MILSTEIN, ADELMAN, & KREGER, LLP

By: Bevin Allen / JMS — per email authority in 12/19/07 email
        Bevin M. Allen
        Attorneys for Plaintiff Ortiz-Flores.

\\
\\
\\
\\
\\
\\

Dated: December 19, 2007    WIGGINS, CHILDS, QUINN & PANTAZIS, LLP

By: _Craig Lowell /SMS_ — per email authority in 12/19/07 email

          Dennis G. Pantazis
          Craig L. Lowell
          Attorneys for Plainitff Jennifer Pointer.

Dated: December 19, 2007    MCGUIREWOODS LLP

By: _____

          Sidney K. Kanazawa
          Jia-Ming Shang
          Attorneys for Defendant
          McNeil-PPC, Inc.

Dated: December 19, 2007    KIRBY NOONAN LANCE & HOGE LLP

By: _David Noonan /SMS_ — per email authority in 12/19/07 email.

          David J. Noonan
          Jill E. Randall
          Attorneys for Defendant
          McNeil-PPC, Inc.

Dated: December 19, 2007    JOHNSON BARTON PROCTOR & ROSE LLP

By: _James Barton /SMS_ — per email authority in 12/19/07 email

          James C. Barton, Jr.
          Lee M. Pope
          Alan D. Mathis
          Attorneys for Defendant
          McNeil-PPC, Inc.