1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   ADRIAN ALEXANDER ORTIZ-FLORES, a        Civil No.   07cv0678-BEN (CAB)
     minor by and through his guardian, Terry Ortiz;
11   and TERRY ORTIZ, as an individual consumer
     and on behalf of others similarly situated,
12
                                    Plaintiff,   **ORDER GRANTING JOINT MOTION TO**
13                                               **MODIFY DATES SET FORTH IN THE**
                    v.                           **JANUARY 25, 2008 SCHEDULING ORDER**
14
     MCNEIL-PPC, INC. a New Jersey corporation,  **[Doc. No. 32]**
15
                                    Defendant.

16

17        On January 25, 2008, this Court issued a scheduling order. [Doc. No. 21.] On April 8, 2008, the

18   parties filed a joint motion to continue certain dates set forth in that scheduling order. GOOD CAUSE

19   APPEARING THEREFOR, the joint motion is GRANTED. The January 25, 2008 Sceduling Order

20   shall be modified as follows:

21        1.      Any motion for class certification must be **FILED** on or before **May 28,  2008**. Please be

22   advised that counsel for the moving party must obtain a motion hearing date from the law clerk for the

23   judge who will hear the motion. Be further advised that the period of time between the date you request

24   a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For

25   example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the

26   availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in**

27   **the motion not being heard.**

28        Briefs or memoranda in support of or in opposition to any pending motion shall not exceed

twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

2.    A Mandatory Settlement Conference shall be conducted on **June 3, 2008** , at **2:00 p.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **May 27, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

3.    Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference will be considered grounds for sanctions.

4.    All other dates set forth in the January 25, 2008 Scheduling Order [Doc. No. 21] shall remain the same.

**IT IS SO ORDERED.**

DATED: April 16, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1]  "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

07cv0678