| | |
|---|---|
| 1 | Wayne S. Kreger |
| | wkreger@maklawyers.com |
| 2 | Bevin Allen |
| | ballen@maklawyers.com |
| 3 | **MILSTEIN, ADELMAN, & KREGER, LLP** |
| | 2800 Donald Douglas Loop N |
| 4 | Santa Monica, CA 90405 |
| | (310) 396-9600 |
| 5 | (310) 396-9635 (Fax) |
| 6 | Harold M. Hewell |
| | hmhewell@hewell-lawfirm.com |
| 7 | **HEWELL LAW FIRM, APC** |
| | 402 W. Broadway, 4th Floor |
| 8 | San Diego, CA 92101 |
| | (619) 235-6854 |
| 9 | (619) 235-9122 |
| 10 | Howard M. Rubenstein |
| | howardr@pdq.net) |
| 11 | 914 Waters Avenue, Suite 20 |
| | Aspen, Colorado 81611 |
| 12 | (832) 715-2788 (cell) |
| 13 | Dennis G. Pantazis |
| | Craig L. Lowell |
| 14 | **WIGGINS, CHILDS, QUINN & PANTAZIS, LLC** |
| | 309 19th Street North, |
| 15 | Birmingham, Alabama 35203 |
| | (205) 314-0500 |
| 16 | *Attorneys for Plaintiffs* |
| 17 | Sidney K. Kanazawa (SBN 84608) |
| | skanazawa@mcguirewoods.com |
| 18 | **McGUIREWOODS LLP** |
| | 1800 Century Park East, 8th Floor |
| 19 | Los Angeles, California 90067 |
| | Telephone: (310) 315-8200 |
| 20 | Facsimile: (310) 315-8210 |
| 21 | David J. Noonan (SBN 55966) |
| | djn@knlh.com |
| 22 | Jill E. Randall (SBN 229680) |
| | jrandall@knlh.com |
| 23 | **KIRBY NOONAN LANCE & HOGE LLP** |
| | 600 West Broadway, Suite 1100 |
| 24 | San Diego, California 92101-3387 |
| | Telephone (619) 231-8666 |
| 25 | Facsimile (619) 231-9593 |
| 26 | James C. Barton, Jr., Esq. (Bar Number: ASB-0237-B51J) |
| | jbartonjr@johnstonbarton.com |
| 27 | **JOHNSON BARTON PROCTOR & ROSE LLP** |
| | 569 Colonial Brookwood Center, Suite 901 |
| 28 | Birmingham, AL 35209 |
| | (205) 458-9441 (direct dial) |
| | (205) 458-9500 (fax) |
| | *Attorneys for Defendant McNeil-PPC, Inc.* |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRI ORTIZ,** as an individual consumer and on behalf of **ADRIAN ALEXANDER ORTIZ-FLORES,** a minor; **CHUCK TIDWELL,** as an individual consumer and on behalf of **WILLIAM TIDWELL,** a minor; **KRISTIN MATTHIS,** as an individual consumer and on behalf of **KENDALL MATTHIS,** a minor and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br> *vs.* <br><br> **MCNEIL-PPC, INC.,** a New Jersey corporation, <br><br> *Defendant*. | CASE NO. 07 CV 0678 BEN (CAB) <br> [Consolidated with 08 CV 0536 BEN(CAB)] <br><br><br><br><br> **JOINT MOTION FOR CONTINUANCE OF SCHEDULING ORDER DATES** |

    1.    This Joint Motion is submitted for the consolidate matters of *Ortiz-Flores v. McNeil-PPC, Inc.,* Case No. 07 CV 0678 BEN (CAB), (S.D. Cal.) ("*Ortiz-Flores*") and *Pointer v. McNeil-PPC, Inc.,* Case No. 08 CV0536-BEN (CAB) ("*Pointer*") cases. As more specifically detailed below, this Joint Motion requests that certain dates contained in the Court's May 15, 2008 Order Granting Joint Motion to Modify Dates Set Forth in the January 25, 2008 Scheduling Order [Doc. No. 37] be continued.

    2.    Plaintiffs in the consolidated *Ortiz-Flores* and *Pointer* cases are referred to herein

1 as "Plaintiffs."

2 3. Defendant McNeil-PCC, Inc. is a defendant in both cases and is referred to herein
3 as "Defendant."

4 4. Plaintiffs and Defendant are referred to collectively herein as the "Parties."

5 5. This Court entered a Scheduling Order on January 25, 2008, assigning various
6 deadlines in this matter [Doc. NO. 21].

7 6. The Scheduling Order included deadlines of April 28, 2008 for Plaintiffs to file
8 their Motion for Class Certification, and provided for a Mandatory Settlement Conference on May
9 1, 2008 with Settlement Conference statements due on April 24, 2008.

10 7. On April 8, 2008, the parties filed a joint motion to continue certain dates set forth
11 in the January 25, 2008 Scheduling Order. The continuance was requested because the parties
12 were meeting and conferring regarding the production of certain defense documents and because
13 Defendants' witnesses for Plaintiffs' April 2, 2008 Rule 30(b)(6) deposition notice were engaged
14 in a companywide meeting, and Defendants were unable to confirm the dates of availability for
15 their witnesses. The Court entered the Order Granting the continuance of these dates on April 16,
16 2009 [Doc.No.34].

17 8. On May 6, 2008, the parties filed a joint motion to further continue certain dates set
18 forth in the January 25, 2008. The joint motion was again based upon the availability of
19 Defendants' witnesses in response to Plaintiffs' April 2, 2008 Rule 30(b)(6) deposition notice.
20 The Court entered the Order granting the further continuance on May 15, 2008 [Doc.No.36].

21 9. On March 13, 2008, the Parties held a telephonic meet and confer regarding
22 Defendant's March 4, 2008 document production in this matter. During the telephonic
23 conference, Plaintiffs' counsel notified Defendant's counsel that Plaintiffs believed that certain
24 documents had not been produced in connection with their Request for Production of Documents.
25 Plaintiffs' counsel outlined various areas of documentation that were missing from the document
26 production. Defendant's counsel assured Plaintiffs' counsel that they would look into the issue
27 and determine if there were additional documents to be produced.

28 10. On April 2, 2008, Plaintiffs noticed Rule 30(b)(6) depositions. In subsequent

3
JOINT MOTION FOR CONTINUANCE

conversations between Plaintiffs' counsel and Defendant's counsel, and based upon the availability of the witnesses, the parties agreed to schedule the 30(b)(6) depositions for Tuesday, May 27, 2008 and Wednesday, May 28, 2008 in New Jersey.

11. On April 7, 2008, Defendants informed Plaintiffs' counsel that they had located additional documents for further production, and that they would produce those documents to Plaintiffs. Shortly thereafter, Plaintiffs received an additional 264 pages of documents.

12. At approximately 4:00 p.m. on Friday, May 23, 2008, Defendant's counsel (Sidney Kanazawa) called Plaintiffs' counsel (Bevin Allen) to inform her that additional documents had been located and would be produced. Mr. Kanazawa informed Ms. Allen that these documents were the files of the 30(b)(6) witnesses that were scheduled to take place the following business day. Defendant's counsel arranged for the documents he had received to be duplicated and forwarded to Plaintiffs' counsel the same business day. Defendant's counsel also advised Plaintiffs' counsel that he was expecting additional documents on a disc the next day.

13. At approximately 4:15 p.m. PST on Friday May 23, 2008, defense counsel (Kanazawa) sent Plaintiffs' counsel (Allen) an e-mail attaching two PowerPoint presentations (totaling 10 pages) that related to the items in the 30(b)(6) notice.

14. At approximately 6:00 p.m. PST on Friday, May 23, 2008, Plaintiffs' counsel received a disc containing 326 pages of documents.

15. On Saturday, May 24, 2008, at approximately 2:30 pm PST, Defendant's counsel informed Plaintiffs' counsel that Defendant's counsel had received a disk containing additional documents related to the 30(b)(6) witnesses, but that Defendant's counsel was unable to open the files on the disc to determine their relevancy to the subject action.

16. On Sunday, May 25, 2008, between 6:45 pm and 7:30pm PST, Plaintiffs received the supplemental production comprised of approximately 1,000 additional pages of documents. Defendant's position is that the documents being produced primarily relate to the implementation of the recall (a subject not included in the 30(b)(6) deposition notice) and that many of the documents were drafts and copies of documents already produced. Plaintiffs' position is that the documents, as previously represented, are the files of the witnesses being deposed and are

therefore directly related to the depositions.

17. In total, Defendants produced nearly 1300 pages of documents less than one business day (Monday, May 26, 2008 was a holiday) prior to the date of the scheduled depositions.

18. Over the course of the weekend, counsel for the parties discussed whether to go forward with the April 2, 2008 Rule 30(b)(6) depositions. Ultimately, the parties agreed to continue the depositions as a result of the issues raised due to the timing of the supplemental production, and to jointly request a continuance of the deadlines for the certification motion and the date of the Mandatory Settlement Conference.

19. The current Order regarding the scheduling of this matter requires that Plaintiffs' Motion for Class Certification be filed June 17, 2008, a Mandatory Settlement Conference is set for June 17, 2008 with the Parties' Confidential Settlement Statements due on June 10, 2008.

20. Due to the issues presented over the weekend, the Parties agree to a further continuance of the deadlines for the Class Certification Motion, the Mandatory Settlement Conference Statement, as well as the date of the Mandatory Settlement Conference itself. Defendant's counsel, Sidney K. Kanazawa, has assured Plaintiffs' counsel that he is diligently determining whether there are additional documents for production and simultaneously obtaining new deposition dates from the witnesses so that the April 2, 2008 Rule 30(b)(6) depositions can take place as soon as practical, with enough time for Plaintiffs' counsel to review any additional documents that may be located and in sufficient time to complete the depositions in advance of the deadlines to file the Motion for Class Certification Motion, the Mandatory Settlement Conference Statement, as well as the date of the Mandatory Settlement Conference itself.

NOW, therefore, THE PARTIES AGREE AND JOINTLY MOVE:

1. The deadline for Plaintiffs to file their Motion for Class Certification is hereby continued for an additional four weeks. The new deadline for Plaintiffs to file this Motion is July 16, 2008.

2. The date of the Mandatory Settlement Conference is hereby continued for two weeks. The new date for the Mandatory Settlement Conference is July 9, 2008, or as soon thereafter as the Court's calendar allows.

3. In accordance with the Court's January 25, 2008 scheduling order, the Parties are to submit confidential settlement statements directly to chambers at least seven (7) calendar days prior the date set for the Mandatory Settlement Conference.

4. Defendant agrees to answer Plaintiffs' Amended Consolidated Complaint within seven (7) days of service of the amended consolidated complaint or within two (2) business days before the deadline for the motion for class certification, whichever is later, but in all events defendant will answer within 20 days of the service of the complaint.

Dated: June 2, 2008      MILSTEIN, ADELMAN, & KREGER, LLP

By: /s/ Bevin Allen
Bevin M. Allen
Attorneys for Plaintiffs Ortiz-Flores and Pointer, et al.

Dated: June 2, 2008      MCGUIREWOODS LLP

By: /s/ Sidney K. Kanazawa (per email authority on May 30, 2008)
Sidney K. Kanazawa
Attorneys for Defendant
McNeil-PPC, Inc.