UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ORTIZ, et al, | CASE NO. 07cv678-MMA(CAB) |
| Plaintiffs, | [Consolidated with 08cv536-MMA(CAB)] |
| vs. | **ORDER DENYING MOTION FOR CERTIFICATION OF CLASS ACTION** |
| MCNEIL-PPC, INC., | [Doc. No. 51] |
| Defendant. | |

Currently before the Court in the above-captioned matter is Plaintiffs' motion seeking certification of this case as a class action [Doc. No. 51]. Defendant McNeil-PPC, Inc. filed an opposition to the motion [Doc. No. 52], to which Plaintiffs replied [Doc. No. 54]. For the following reasons, the Court **DENIES** Plaintiffs' motion.

### BACKGROUND

On June 23, 2008, Plaintiffs Terri Ortiz, Chuck Tidwell, Kristin Matthis, and Jennifer Pointer, on behalf of themselves as individual consumers and on behalf of their minor children, filed a Consolidated Complaint for Equitable Relief and Damages ("complaint") against Defendant McNeil-PPC, Inc. ("McNeil") alleging the following claims: violations of California's Unfair Competition Law ("UCL"), section 17200 *et seq*. of California's Business and Professions Code; fraudulent concealment; breach of implied warranties of fitness for purpose and merchantability; unjust enrichment; negligence; strict product liability; and breach of express warranty [Doc. No. 44].

This action arises out of events related to the manufacture, production, and sale by McNeil of a "plaque detecting rinse" product, and the subsequent voluntary recall by McNeil of that product. Plaintiffs allege the following facts as the basis for their claims.[1] McNeil is a subsidiary of Johnson & Johnson, one of the world's largest manufacturers of health care products for consumers. In December 2006, Johnson & Johnson acquired Pfizer Consumer Healthcare, and Listerine® Agent Cool Blue™, as well as Listerine® Antiseptic, became brands and products of McNeil. McNeil marketed Listerine® Agent Cool Blue™ ("the product"), which tinted plaque on teeth a blue color, for use by children to promote better brushing habits and the importance of good dental hygiene. Plaintiffs allege that approximately 7.5 million bottles of the product were sold nationally, ranging in cost from $5 to $10 per bottle. On April 11, 2007, McNeil announced a voluntary recall of the product, resulting from McNeil's determination that the preservative system used in the product was inadequate to protect against the formation of certain microorganisms, potentially making the product a health risk for individuals with compromised immune systems. McNeil established a refund program to reimburse consumers the purchase price of the product. Plaintiffs claim that McNeil's recall of the product was not adequate, and the recall did not compensate consumers for any costs associated with personal injuries suffered by Plaintiffs and potential class members.

Based on these allegations, Plaintiffs contend that the design and manufacture of the product was negligent and/or defective, and McNeil failed to take adequate precautions to ensure the safety of the product. Plaintiffs represent themselves in this case as individual consumers who purchased the product. Three of the named plaintiffs represent their minor children as well, who allegedly suffered injury due to their use of the product, and incurred medical bills as a result. Plaintiffs claim that the product was rendered unusable and valueless by the April 11, 2007 recall of the product. Plaintiffs filed the instant motion under seal on July 25, 2008.[2] Plaintiffs seek certification of two separate nationwide classes in this case. First, they request that the Court certify a "Purchaser

---

[1] All facts referenced herein are taken from the Consolidated Complaint filed June 23, 2008 [Doc. No. 44] unless otherwise indicated. *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir.1975) (when considering a motion for class certification the "court is bound to take the substantive allegations in the complaint as true.").

[2] The motion was filed under seal due to Plaintiffs' inclusion of material previously designated by the parties as "confidential" pursuant to the terms of the Protective Order entered in this case.

Class," defined as follows:

> "All persons, who, on or after January 1, 2006, purchased the Product for personal, family, or household purposes, and not for resale, which was rendered unusable and valueless by the April 11, 2007 recall of such Product."

(*Complaint* ¶ 37.) Second, Plaintiffs seek certification of a "Personal Injury Common Issues Class," defined as follows:

> "All persons who, on or after January 1, 2006, consumed any of the Product and who assert or allege claims sounding in personal injury therefrom."

(*Id.*) McNeil vigorously opposes the motion, arguing that neither of the two purported classes meet the requirements of Federal Rule of Civil Procedure 23 for certification of a class.

## DISCUSSION

**A.     Legal Standards for Class Certification**

According to Federal Rule of Civil Procedure 23(a), a district court may certify a class so that representative parties may sue on behalf of all members only if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequate representation. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

In addition to demonstrating that the requirements of Rule 23(a) are met, a plaintiff must establish one or more of the requirements of Rule 23(b), which are as follows: (1) there is a risk of prejudice from separate actions establishing incompatible standards of conduct; (2) judgments in individual lawsuits would adversely affect the rights of other members of the class; (3) the party opposing the class has acted (or refused to act) in a manner applicable to the class generally, thereby making injunctive or declaratory relief appropriate with respect to the class as a whole; or (4) the questions of law or fact common to the class predominate over questions affecting the individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. *See* FED. R. CIV. P. 23(b)(1)-(3).

"As the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). In analyzing whether a plaintiff has met her burden to show that the above requirements are satisfied, a court must "analyze[] the allegations of the complaint and the other material before [the court] (material sufficient to form reasonable judgment on each [Rule 23] requirement)." *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975); *see also Hanon*, 976 F.2d at 509 (finding that the court may consider evidence to ascertain whether Rule 23 has been met, even though the evidence relates to the merits); *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 233 (C.D. Cal. 2006) ("[B]ecause 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,' a court must often look behind the pleadings 'to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a).'") (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (citations and internal quotation marks omitted)). A court should not conduct a hearing on the merits of the plaintiffs' claims when determining class certification, *see Valentino*, 97 F.3d at 1232, although the issue of certification "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978).

In summary, "notwithstanding its obligation to take the allegations in the complaint as true, the Court is at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *In re Unioil Secs. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985). A district court is granted "broad discretion" to determine whether the Rule 23 requirements have been met. *Zinser*, 253 F.3d at 1186; *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 461 (9th Cir. 2000) ("The district court's decision certifying the class is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.") (quotations omitted).

///

**B.      Analysis**

Plaintiffs seek class certification, arguing that both proposed classes meet all four requirements under Rule 23(a), as well as the requirements of Rule 23(b)(3).  McNeil focuses its argument primarily on the requirements of Rule 23(b)(3), asserting that common questions of fact and law do not predominate in either of the proposed classes.  The Court agrees with McNeil that Plaintiffs do not satisfy the requirements of Rule 23(b)(3) with respect to either class, and focuses the following discussion accordingly.[3]

Under Rule 23(b)(3), the Court must find (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The matters pertinent to a finding under Rule 23(b)(3) include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.  *Id.*

### *1.      Purchaser Class*

Because Plaintiffs seek to certify a nationwide class of product purchasers to pursue the common law claim of unjust enrichment, the Court must consider foremost whether Plaintiffs meet their burden of showing how the Court should cope with variations in state law.  Citing to the Restatement's definition of unjust enrichment, Plaintiffs submit that there is no significant conflict between California's law of unjust enrichment and other states' laws.  Plaintiffs contend that there are a few nuanced variations in unjust enrichment law in the other states, but the policy and purpose are uniform.  Plaintiffs cite to a variety of cases from various jurisdictions, but do not submit a

---

[3] Because satisfaction of the Rule 23(a) requirements for each class is not sufficient in and of itself to succeed on a motion for class certification, and the Court finds that neither of the proposed classes meets the additional requirements of Rule 23(b), the Court declines to discuss at length whether Plaintiffs' satisfy all four of Rule 23(a)'s requirements.  The Court presumes based on the materials before it on this motion that each class would satisfy the numerosity requirement; the Court acknowledges McNeil's argument that neither class satisfies the typicality requirement and adequate representative requirements, but finds that the commonality issues are by far the most important to its ruling on this motion and can be addressed within the Rule 23(b)(3) discussion.

nationwide review of the law of unjust enrichment.

The Ninth Circuit has counseled that "a district court considering certification of a nationwide class cannot simply rely on counsel's assurances of manageability. Put another way, the court cannot accept 'on faith' an assertion that variations in state laws relevant to the case do not exist or are insignificant; rather, the party seeking certification must affirmatively demonstrate the accuracy of the assertion." *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 742 (5th Cir. 1996)); *see also In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 349 (D.N.J. 1997) ("In a motion for class certification, plaintiffs bear the burden of providing an extensive analysis of state law variations to determine whether there are insuperable obstacles to class certification."). Here, Plaintiffs fail to overcome McNeil's arguments and review of relevant case law that the application of 51 different standards for each claim make this case inappropriate for class certification. As detailed below, the Court finds that the states' different approaches to, or elements of, unjust enrichment are significant. Accordingly, Plaintiffs have not shown that common questions predominate.

The California Court of Appeals recently restated that there is no cause of action for unjust enrichment in California:

> "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so. Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself. It is synonymous with restitution."

*Melchior v. New Line Prods., Inc.* (2003) 106 Cal. App. 4th 779, 793 (quotations and citations omitted). Under an unjust enrichment theory, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, *but the plaintiff has chosen not to sue in tort*. *McBride v. Boughton* (2004) 123 Cal. App. 4th 379, 388. Thus, in California, there is no separate cause of action for unjust enrichment, and a claim for restitution is inconsistent and incompatible with a related claim in tort. *Id*. This is not true in other states, where unjust enrichment is considered a valid cause of action.

This dissimilarity immediately raises the related issue of what different states require in terms of proving a claim for unjust enrichment, depending upon whether it is considered a cause of

action with individual elements to be met, or a theory of recovery, requiring proof of damages.  By way of example, Montana, Illinois, and New Hampshire courts require a showing of misconduct or fault on the part of the defendant to recover under an unjust enrichment theory.  "Unjust enrichment is an equitable doctrine wherein the plaintiff must show some element of misconduct or fault on the part of defendant, or that the defendant somehow took advantage of the plaintiff."  *Randolph V. Peterson, Inc. v. J.R. Simplot Co*., 239 Mont. 1, 778 P.2d 879, 883 (Mont. 1989)(*citing Brown v. Thornton*, 150 Mont. 150, 432 P.2d 386, 390 (Mont. 1967)); *see also Hayes Mechanical, Inc. v. First Industrial, L.P*., 351 Ill App. 3d 1, 12, 812 N.E.2d 419, 285 Ill. Dec. 599 (Ill App. 1st Dist. 2004) ("[I]njustice involves some form of improper conduct by the party to be charged."); *National Employment Service Corp. v. Olsten Staffing Service, Inc*., 145 N.H. 158, 761 A.2d 401, 406-07 (N.H. 2000) ("Because . . . Olsten did not act wrongfully . . ., the facts do not support a finding of unjust enrichment.")

Alabama, Texas, Minnesota, Nebraska, Colorado, Michigan, and Virginia courts require unconscionable conduct on the part of the defendant in order to make a claim for unjust enrichment. *Mantiply v. Mantiply*, 951 So.2d 638, 654-55 (Ala. 2006); *see also Burlington Northern R. Co. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. 1996); *ServiceMaster of St. Cloud v. GAB Business Services, Inc*., 544 N.W.2d 302, 306 (Minn. 1996); *Haggard Drilling, Inc. v. Greene*, 195 Neb. 136, 236 N.W.2d 841 (Neb. 1975); *DCB Const. Co., Inc. v. Central City Development Co*., 965 P.2d 115, 117 (Colo. 1998); *Barker v. Dicicco*, 2002 Mich. App. LEXIS 2252, 2002 WL 31956978, 1(Mich. App. 2002); *Qualichem v. Xelera, Inc*., 62 Va. Cir. 179, 2003 WL 23162331, 3 (Va. Cir.Ct. 2003).

The Court finds that there are material conflicts between the California laws of unjust enrichment and the laws of other states.  The Court further finds that Plaintiffs have not met their burden to show that despite these differences, common questions predominate and any discrepancies in the law among the states would be manageable.  Therefore, this Court declines to certify Plaintiffs' proposed nationwide Purchaser Class pursuant to Rule 23(b)(3).

### *2.  Personal Injury Common Issues Class*

With respect to their proposed PICI Class, Plaintiffs propose that the Court sever and try

questions common to the class - particularly with respect to strict product liability and negligence - and then try individual questions regarding causation and damages. McNeil argues that Plaintiffs may not base a nationwide class action on individual personal injury claims. McNeil asserts that under a strict products liability analysis for personal injury, each individual plaintiff must prove injury, causation, and damages, and that since Plaintiffs purport to bring a nationwide class action, these individual inquiries are multiplied by the differing state laws that may or may not apply.

The Court agrees with McNeil's assertion that individual factual issues are likely to predominate the disposition of PICI Class members' claims. For example, individual factual issues will predominate the determination of whether any alleged defects in the product proximately caused the putative class members' minor children's injuries. Other unique factors also will impact the causation analysis, such as each child's unique medical history. Additionally, individual issues will likely dominate the damages analysis of the negligence claim, again because determining whether the product caused the alleged harm to the children will require an inquiry into the child's medical history, age, etc. Each PICI Class members' claims will be so unique that individualized factual determinations will likely control the litigation of this case.

In addition, the proposed class is also characterized by individualized legal determinations. The Court notes that, while the Ninth Circuit has declined to create a per se bar on class certifications in products liability litigation, *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1233 (9th Cir. 1996), the court has stated on more than one occasion that difficulties of commonality and management are inherent in proposed products liability class actions. *See, e.g., Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180 (9th Cir. 2001). Also, because of the many differences in state laws, both fraud and warranty claims are difficult to maintain on a nationwide basis. *See Cole v. Gen. Motors Corp*., 484 F.3d 717, 724-30 (5th Cir. 2007) (discussing at length why warranty claims are inappropriate for class treatment); *Castano v. Am. Tabacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) ("a fraud class action cannot be certified when individual reliance is an issue."). In light of the foregoing, the Court finds that the proposed PICI Class suffers from the same flaws under Rule 23(b)(3) as the proposed Purchaser Class, and the Court declines to certify Plaintiffs' proposed nationwide Personal Injury Common Issues Class.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs fail to meet their burden of showing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).  The Court **DENIES** Plaintiffs' Motion for Certification of Class Action [Doc. No. 51].

**IT IS SO ORDERED**.

DATED:  March 6, 2009

*Michael M. Anello* (signature)

Hon. Michael M. Anello
United States District Judge