1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TERRI ORTIZ, et al,                          CASE NO. 07cv678-MMA(CAB)

12                              Plaintiffs,        [Consolidated with 08cv536-MMA(CAB)]

13          vs.                                    **ORDER DENYING PLAINTIFFS'**
                                                   **MOTION FOR LEAVE TO FILE A**
14                                                 **SECOND AMENDED COMPLAINT**

15   MCNEIL-PPC, INC.,                             [Doc. No. 69]

16                              Defendant.

17          Currently before the Court is Plaintiff Terri Ortiz, et al.'s motion seeking leave to file an

18   amended consolidated class action complaint.[1]   The matter came on for hearing before the Court on

19   May 8, 2009.  Jennifer Steinberg appeared on behalf of Plaintiffs.  David Noonan appeared on

20   behalf of Defendant McNeil-PPC, Inc.  The Court advised counsel at the outset of the hearing of its

21   tentative decision to grant Plaintiffs' motion.  After hearing the arguments of counsel, having

22   reviewed the submissions of the parties, the Court **DECLINES** to affirm its tentative ruling and

23   **DENIES** Plaintiffs' motion for leave to file an amended consolidated complaint.

24   / / /

25   / / /

26   _____

27          [1] Plaintiffs refer to the proposed pleading as a "second amended complaint," however it would
     be the first amendment made to the consolidated complaint filed on June 23, 2008 in this case.  Thus,
28   the proposed pleading shall be referred to as the proposed "amended consolidated complaint" herein.

1

**PROCEDURAL BACKGROUND**

2   The facts of this case have been recounted in detail in this Court's prior orders and shall not

3   be repeated here.  (*See March 6, 2009 Order Denying Motion for Class Certification*, Doc. No. 65.)

4   On June 23, 2008, Plaintiffs Terri Ortiz, Chuck Tidwell, Kristin Matthis, and Jennifer Pointer, on

5   behalf of themselves as individual consumers and on behalf of their minor children, filed a

6   Consolidated Complaint for Equitable Relief and Damages against McNeil alleging the following

7   claims: violations of California's Unfair Competition Law, section 17200 *et seq.* of California's

8   Business and Professions Code; fraudulent concealment; breach of implied warranties of fitness for

9   purpose and merchantability; unjust enrichment; negligence; strict product liability; and breach of

10  express warranty [Doc. No. 44].  Plaintiffs filed a motion for class certification on July 16, 2008,

11  seeking certification of two separate nationwide classes.  First, they requested that the Court certify

12  a "Purchaser Class," defined as: "All persons, who, on or after January 1, 2006, purchased the

13  Product for personal, family, or household purposes, and not for resale, which was rendered

14  unusable and valueless by the April 11, 2007 recall of such Product."  Second, Plaintiffs sought

15  certification of a "Personal Injury Common Issues Class," defined as: "All persons who, on or after

16  January 1, 2006, consumed any of the Product and who assert or allege claims sounding in personal

17  injury therefrom."     This Court denied the motion for certification as to both classes on March 6,

18  2009, finding that the personal injury class was not viable because individual issues, such as extent

19  of injury, medical history, and age, would predominate over common issues.  The Court found that

20  the nationwide purchaser class was not viable because of the conflict of state laws as to the

21  purchaser class' unjust enrichment cause of action (the only purchaser class cause of action in the

22  consolidated complaint).  On March 19, 2009, after participating in a case management conference

23  with Magistrate Judge Bencivengo, counsel for the parties contacted this Court via conference call

24  with the Court's chambers attorney.  The purpose of the conference call was for Plaintiffs to advise

25  the Court of their desire to seek certification of a narrower purchaser class of plaintiffs consisting of

26  California residents only.  The Court's chambers attorney reviewed several procedural options with

27  counsel.  Two options were considered: either Plaintiffs could file a motion for reconsideration of

28  the order denying class certification, in which certification for the alternate subclass would be

1   requested, or Plaintiffs could file a motion for leave to file an amended consolidated complaint

2   alleging a class definition of the narrower California purchaser class, and presumably another

3   motion for class certification would follow.  Plaintiffs' counsel expressed during the telephone

4   conference that Plaintiffs' primary goal was to seek certification of a new class of product

5   purchasers, California residents only.  Plaintiffs' counsel opted for filing a motion for leave to file an

6   amended consolidated complaint.  Counsel for both parties stipulated to the fact that they met and

7   conferred, and that Defendant would not oppose the filing of such a motion.  The Court's chambers

8   attorney assigned  Plaintiffs a hearing date of May 8, 2009 for the motion now pending before the

9   Court.

10                                           DISCUSSION

11          Plaintiffs seek leave of Court to file an amended consolidated complaint in order to eliminate

12   the proposed nationwide personal injury class from the pleadings, and to narrow the purchaser class

13   and then obtain certification of the narrower class.  *See Berlowitz v. Nob Hill Masonic Management*,

14   Inc., 1996 U.S. Dist. LEXIS 22599, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) (rejecting

15   plaintiff's attempt to seek certification of a class different from that alleged in the complaint; stating

16   that the court was "bound by the class definition provided in the complaint" and that it would "not

17   consider certification of the class beyond the definition provided in the complaint unless plaintiffs

18   choose to amend it").

19          McNeil argues that the Court should consider Plaintiffs' motion under the standard set by

20   Federal Rule of Civil Procedure 16(b).  McNeil states that Magistrate Judge Bencivengo entered a

21   scheduling order on January 25, 2008 that set a February 8, 2008 deadline for filing motions to

22   amend the pleadings [Doc. No. 21].  Although numerous amended scheduling orders followed,

23   Judge Bencivengo issued each of these orders subsequent to the passing of the February 8, 2008

24   deadline, each order affirmed that all other terms and conditions of the January 25, 2008 scheduling

25   order remained in effect, and none of the orders rescheduled the expired deadline for filing amended

26   pleadings.  (*See Amended Scheduling Orders*, filed 4/16/08, 5/15/08, 6/2/08, 7/25/08, Doc Nos. 34,

27   37, 40 & 50.)  Therefore, McNeil asserts that Plaintiffs' motion should be scrutinized under Rule

28   16(b)'s "good cause" standard.  McNeil asserts that because Plaintiffs were not diligent in seeking to

1  amend their consolidated complaint, provide no explanation for the lack of diligence, and state no

2  good cause for why this Court should overlook the attempt to file an amended pleading more than

3  one year after the deadline, the Court should deny the motion.

4        Ordinarily, once a scheduling order has been issued pursuant to Fed. R. Civ. P. 16(b), that

5  scheduling order will limit the time for amending the pleadings.  Faced with such a limit, a party

6  seeking leave to amend or supplement a pleading, under Fed. R. Civ. P. 15(a)(2), must first seek a

7  modification of the scheduling order, under Fed. R. Civ. P. 16(b)(4).  *AmerisourceBergen Corp. v.*

8  *Dialysist West, Inc*., 465 F.3d 946, 952 (9th Cir. 2006) (citing *Johnson v. Mammoth Recreations,*

9  *Inc*., 975 F.2d 604 (9th Cir. 1992)).  Plaintiffs argue that the scheduling order in this case was

10  vacated on July 25, 2008, stating that "pending the outcome of [Plaintiffs'] motion [for class

11  certification], all dates in the January 25, 2008 Scheduling Order [Doc. No. 21] are vacated."

12  Plaintiffs assert that because no scheduling order exists at this time, this motion cannot be analyzed

13  under Rule 16(b) because there is no scheduling order to amend.

14        Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the

15  amendment.  *Johnson*, 975 F.2d at 609.  "The district court may modify the pretrial schedule 'if it

16  cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Id.*, quoting

17  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  "Moreover, carelessness is not

18  compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the

19  existence or degree of prejudice to the party opposing the modification might supply additional

20  reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

21  modification.  If that party was not diligent, the inquiry should end."  *Id.*

22        Here, Plaintiffs failed to exercise the requisite diligence in seeking to amend the consolidated

23  complaint, filed on June 23, 2008.  Instead, Plaintiffs waited until after this Court denied their

24  motion for class certification to seek amendment in order to change the class definition and pursue a

25  second attempt at class certification.  Plaintiffs offer no good cause in support of their motion, but

26  instead rely on a misinterpretation of the amended scheduling orders in this case to argue that all

27  dates were vacated, including the deadline for filing amended pleadings.  However, Plaintiffs

28  misconstrue Judge Bencivengo's orders.  Starting with the first amended scheduling order she

1   issued, Judge Bencivengo made it quite clear that the all terms of the January 25, 2008 scheduling

2   order remained in place with the exception of those dates and deadlines she explicitly extended or

3   otherwise changed via amendment.  Quite simply, the February 8, 2008 deadline for filing a motion

4   to amend the pleadings has expired, has never been extended, and Plaintiffs cannot pursue the

5   instant untimely motion without a showing of good cause, which they fail to provide.  As stated

6   above, the Court's inquiry ends here.

7                                            CONCLUSION

8          Based on the foregoing, the Court **DENIES** Plaintiffs' Motion for Leave to File a Second

9   Amended Complaint.

10         **IT IS SO ORDERED**.

11  DATED:  May 8, 2009

12
                                              Hon. Michael M. Anello
13                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv678